THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILWAY COMPANY *v.* O'REILY.

CONTRACT.—*Work and Labor.*—*Sub-Contractor.*—In a suit against a railway company, to recover for work and labor, if the evidence tends to show that the plaintiff was employed by, and the labor was done for, a sub-con-

The Indianapolis, Bloomington, and Western Railway Company *v.* O'Reily.

tractor, in the construction of the road, it is error to instruct the jury that if the plaintiff performed labor in constructing the defendant's road, for which he has not been paid, and the defendant has had the benefit of the labor, the plaintiff is entitled to recover, and that the question of sub-contractor, contractor, or other interested parties makes no difference in regard to the plaintiff's rights.

SAME.—If the work and labor sued for in such case was done for a sub-contractor of the railroad company, under a contract with him, the plaintiff cannot recover.

SAME.—Before the plaintiff can recover in such case, he must show that the work was done under a contract with the railroad company.

APPEAL from the Fountain Common Pleas.

PETTIT, J.—This suit was brought to recover for work and labor done. The complaint is in two paragraphs, in the usual form. The first states that the work was done under a contract at an agreed price; and the second says that the work was done for the defendant, and that it was reasonably worth a certain sum.

The complaint is good in form and substance. The answer was the general denial only. There was a trial by jury, verdict for the plaintiff, and motion for new trial for these reasons: first, the verdict is contrary to law; second, the verdict is not sustained by sufficient evidence; third, the court erred in giving erroneous instructions to the jury; fourth, error of the court in refusing to give instructions asked for by the defendant. The motion was overruled, and exception taken; and judgment was rendered on the verdict.

The errors assigned are, first, the court erred in overruling appellant's motion for a new trial; second, the court erred in giving erroneous instructions to the jury; third, the court erred in refusing to give the instructions asked by appellant; fourth, the complaint does not state facts sufficient to constitute a cause of action; fifth, the judge *pro tem.* who tried the cause had no jurisdiction to try the same.

The evidence and instructions given and refused, as in the record, are respectively as follows:

"Patrick O'Reily, plaintiff, testified, I know defendant; worked on defendant's road thirty-six days in this county;

work worth two dollars per day; I worked in the construction of said road; I have not been paid; worked seven months altogether; Con. Haggerty employed me; I began in December; Haggerty met me and said he would give me the same wages as McManony; I worked some three months before I knew he was a sub-contractor; he was agent for the railroad; I found it out then; I believe Haggerty was agent, because he was working a large force of hands on the road; and this was my reason for saying he was an agent for the railroad."

The defendant introduced the following evidence:

"Thomas F. Davidson testified, Con. Haggerty was a sub-contractor in the work he did upon the railroad, under Irvin & Williams."

This was all the evidence in the case. The court instructed the jury as follows:

"Gentlemen of the jury, if you find that the plaintiff did labor in the construction of the defendant's road, and that such labor is unpaid for, and that defendant has the benefit of that labor, then the plaintiff is entitled to recover for the value of his labor, and the question of sub-contractors, contractors, or other intervening parties makes no difference in regard to plaintiff's right to recover."

The defendant asked the court to give the following instructions to the jury:

"First. That if they believed, from the evidence, that the plaintiff did the work charged for in his complaint, under a contract with, and an employment from, one Con. Haggerty, who was a sub-contractor of the company, then and in that case, the plaintiff cannot recover from the defendant.

"Second. That before they can find for the plaintiff, the jury must be satisfied, from the evidence, that the plaintiff did the work charged for in his complaint for the defendant under a contract either express or implied with the defendant, and not on a contract with a sub-contractor of the company."

We feel clear that these instructions were treated reversely from what they ought to have been. That given ought to have been refused, and those refused ought to have been given. The instructions asked and refused were clearly appropriate and proper under the evidence, and ought to have been given. The evidence does not warrant the finding of the jury. There is no evidence that the appellant, directly, or by implication, employed the appellee, but the evidence is clear that the work was done for and under the employment of a sub-contractor on the work.

The appellee relies on the following section of the act of the general assembly, approved December 20th, 1865. "Sec. 38. The stockholders shall be individually liable to laborers, their executors, administrators, and assigns, for all labor done in the construction of said road, that shall remain unpaid, after the assets of the corporation shall have been exhausted." It is enough to say that this suit was not brought against the individual stockholders, but against the company, nor is there any allegation or pretence that the assets of the company have been exhausted.

The judgment is reversed, with instructions to the court below to grant a new trial, at the costs of appellee.

*C. Black* and *T. F. Davidson*, for appellant.

*McWilliams* and *J. Ristine*, for appellee.